

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Building*
*26 Federal Plaza*
*New York, New York 10278*

May 15, 2025

**By CM/ECF**
Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

>    Re:   *United States v. Jonathan Larmore*,
>          **Docket No. 25-774**

Dear Ms. Wolfe:

      Last night, appellant Jonathan Larmore filed a motion for bail pending appeal and a stay of his May 19, 2025 surrender date. The Government writes in response to the Clerk's request for the Government's position on the stay request. By waiting until just days before the surrender date to make his motion, Larmore is manufacturing an emergency that puts the Court in a position of either abridging the normal briefing schedule or awarding Larmore his requested relief by default. The Court should deny Larmore's request to stay his surrender date and should grant the Government ten days to respond to the motion for bail pending appeal, pursuant to Federal Rule of Appellate Procedure 27(a)(3)(A). The stay should be denied both because Larmore's delay in bringing this motion is unexcused and because the arguments in the motion are, as Judge Engelmayer has ruled, "audaciously wrong" and do not provide a basis for bail pending appeal. Dkt. 140 at 5.[1]

      *First*, Larmore delayed seeking bail pending appeal until five days before his surrender date. On March 18, 2025, Judge Engelmayer sentenced Larmore to 60 months' imprisonment and ordered Larmore to self-surrender by May 19, 2025. Dkt. 130. Larmore did not move for bail pending appeal at sentencing, nor give any indication that he intended to do so. Instead, Larmore waited over a month, and did not file a motion for bail pending appeal with Judge Engelmayer until April 20, 2025. Dkt. 137. After ordering full briefing, Judge Engelmayer denied the motion in a written opinion on May 7, 2025. Dkt. 140. Larmore then waited another week before filing his motion with this Court—waiting until the Wednesday evening before his Monday surrender deadline. The timing is a transparent attempt to force the Court's hand without an opportunity for full briefing. Larmore's gamesmanship should not be rewarded with a stay, and the Government and the Court should not be forced to act with haste due to circumstances of Larmore's own making.

---

[1] "Dkt" refers to an entry on the District Court docket in this case.

Catherine O'Hagan Wolfe
May 15, 2025
Page 2 of 2

     *Second*, as Judge Engelmayer described in detail in his decision denying bail pending appeal, Larmore's motion is facially meritless because it fails to raise a substantial question of law or fact that is likely to result in a new trial. As Judge Engelmayer ruled, Larmore raises "quotidian evidentiary disputes" that were resolved well within the District Court's discretion. Dkt. 140 at 5; *see also United States v. Abu-Jihaad*, 630 F.3d 102, 131 (2d Cir. 2010) (evidentiary rulings will be reversed only if they were "arbitrary and irrational"). Furthermore, as Judge Engelmayer notes, "as to several items, the defense did not object to their receipt at trial and thus has waived its present challenge." Dkt. 140 at 5. In particular, Larmore's lead argument about the testimony of two attorneys is, as Judge Engelmayer described it, "audaciously wrong," given that "[i]t was Larmore himself who put his communications with these attorneys at issue." Dkt. 140 at 5, 6. The weakness of Larmore's appellate challenges shows that he will not be prejudiced by the Court denying a stay of his surrender date and granting the Government 10 days to file an opposition to the bail motion.

                                                  Respectfully submitted,

                                                  JAY CLAYTON
                                                  United States Attorney

                              By:    /s/_____
                                      Adam S. Hobson
                                      Justin V. Rodriguez
                                      Nathan Rehn
                                      Assistant United States Attorneys
                                      Tel: (212) 637-2591

cc:      Counsel of record